## Rake v. Loquasto

*George Westervelt, Jr.*, for plaintiffs.
*Robert H. Nothstein and Brenda Wise Goodman*, for defendants.

O'BRIEN, *J.*, June 2, 1986—Plaintiffs commenced an action in mortgage foreclosure by filing a complaint alleging the execution by defendants of a mortgage loan in the original principal sum of $55,000 and a default in payments thereon. Defendants filed an answer admitting the execution of the mortgage and the default, but averring their willingness to bring the payments current. Plaintiffs have filed a motion for judgment on the pleadings which is now before the court for disposition.

Rule 1141 of the Pennsylvania Rules of Civil Procedure provides as follows:

"(a) As used in this chapter, 'action' means an action at law to foreclose a mortgage upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability.

"(b) Except as otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to a civil action."

Rule 1034 of the Pennsylvania Rules of Civil Procedure provides as follows:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

In view of the foregoing provisions, it is clear that the general rules of pleading apply to mortgage foreclosure actions including a motion for judgment on the pleadings. First Valley Bank v. Frederick Galade

et ux,. 75 Schuylkill L.R. 33 (1978). Since defendants have admitted the execution of the mortgage loan and the default, the only remaining issue before the court is whether plaintiffs can accelerate the payment of the full principal sum or must accept the account being brought current.

The mortgage instrument attached as Exhibit "A" to plaintiffs' complaint contains the following explicit provision:

"[I]t is thereby expressly agreed, that if at any time default shall be made in the payment of principal and/or interest for the space of 30 days after the same shall fall due or on the payment of any premium of insurance as aforesaid, or in such production to mortgagees, their heirs, executors, administrators or assigns, on or before the 31st day of December of each and every year, of such receipts for such taxes, water, sewer rents charged for the current year upon the premises mortgaged then and in such case the whole principal debt aforesaid shall, at the option of the said mortgagees . . . become due and payable immediately; and payment of said principal and all interest thereon, may be enforced and recovered at once, anything therein contained to the contrary thereof notwithstanding."

Clearly absent a statutory protection to the contrary, plaintiffs have the right to accelerate the principal debt upon the occurrence of·a default. In Anderson Contracting Company v. Daugherty, 274 Pa. Super. 13, 417 A.2d 1227 (1979), the court held that in order to qualify for the special protective provisions of 41 P.S. §404, the mortgage loan must be in an amount of $50,000 or less and must be secured by a lien upon real property used for residential purposes. This holding was premised on the following definition set forth in the statute:

"Residential mortgage means an obligation to pay a sum of money in an original bona fide principal amount of $50,000 or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit."

In the instant case, both the original mortgage debt and the principal sum now due are in excess of $50,000. Further, the complaint alleges and defendants admit the mortgage is secured by a lien on commercial, not residential property. Therefore, plaintiffs are entitled to judgment on the pleadings.

## ORDER

And now, this June 2, 1986, judgment is entered upon the pleadings in favor of plaintiffs and against defendants in the amount of $62,058.85 together with interest thereon at the rate of 7.5 percent per annum from October 1, 1985 and costs.